IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA      *
                              *
        vs.                   *     CR 115-105
                              *
FRANK JENKINS IV              *

O R D E R

Defendant Frank Jenkins was convicted of possession of a firearm by a convicted felon, and on May 18, 2016, he was sentenced to 75 months of imprisonment. Defendant did not appeal the conviction or sentence.

On August 26, 2016, Defendant filed a motion for appointment of counsel to help him determine whether he is eligible for post-conviction relief pursuant to the new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015).[1] Specifically, in Johnson, the United States Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), to be void for vagueness and a violation of the Constitution's guarantee of due process. Id. at 2563. In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson

---

[1] Defendant explicitly states that he wants an "appeal lawyer"; however, his time for a direct appeal has run so that the only avenue through which he can challenge the legality of his sentence is 28 U.S.C. § 2255.

retroactive in cases on collateral review.

In order to attack the legality of his sentence, Defendant must petition for habeas corpus relief under 28 U.S.C. § 2255 by filing a motion to vacate, set aside or correct his sentence. Here, Defendant's motion to appoint counsel does not reference § 2255 in any way. Nevertheless, this Court intends to recharacterize his motion as a first § 2255 motion. See Castro v. United States, 540 U.S. 375 (2003) (explaining that a district court must notify a litigant of its intent to recharacterize a pro se motion as a § 2255 habeas petition). This recharacterization means that any subsequent § 2255 motion will be subject to the statutory restriction on "second and successive" § 2255 motions. See 28 U.S.C. § 2255(b) & 2255(h) (prohibiting claims in second or successive § 2255 motions except under certain specified circumstances). Accordingly, Defendant must notify this Court in writing within thirty (30) days hereof if he contests the recharacterization of his motion, whether he wishes to withdraw the motion, or whether he wishes to amend the motion to assert any other § 2255 claims aside from his Johnson claim.[2] If Defendant fails to respond to this Order within 30

---

[2] The **CLERK** is **DIRECTED** to attach a copy of the standard form for § 2255 motions to Defendant's service copy of this Order in case he decides to amend his filing to include additional § 2255 claims. If Defendant chooses to amend his motion, he must set forth all his § 2255 claims on the

2

days, his motion to appoint counsel will be recharacterized as a § 2255 motion, the Clerk will docket it as a new civil action,³ and his claims will be addressed under the standards applicable to § 2255 motions. Further, Defendant must proceed *pro se* because at this point he has not demonstrated the exceptional circumstances that would warrant the appointment of counsel. See 28 U.S.C. § 2255(g) (incorporating by reference the standards of 18 U.S.C. § 3006A(a)(2)(B) for the appointment of counsel).

**ORDER ENTERED** at Augusta, Georgia, this __12th__ day of September, 2016.

```
                              _____
                              HONORABLE J. RANDAL HALL
                              UNITED STATES DISTRICT JUDGE
                              SOUTHERN DISTRICT OF GEORGIA
```

---

attached form, including his Johnson claim. In other words, if Defendant files an amended motion on the form provided, the Court will not consider the original motion; rather, the amended motion will supersede the original motion in its entirety. See Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007).

³ **The Clerk shall docket the new civil action as a motion under 28 U.S.C. § 2255 with a *nunc pro tunc* filing date of August 26, 2016.**