ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2016 OCT -7 PM 12: 35
CLERK C. Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | * | CR 115-105 |
| | * | |
| FRANK JENKINS IV | * | |

O R D E R

On September 12, 2016, Defendant Frank Jenkins was informed by this Court that it would convert his motion to appoint counsel to a petition for habeas relief under 28 U.S.C. § 2255 on October 12, 2016, unless he objected. (See Doc. 24 (citing Castro v. United States, 540 U.S. 375 (2003).) The Clerk of Court enclosed a copy of the standard form used in the federal court system for § 2255 motions in case Defendant wished to elaborate on his Johnson[1] claim or include additional claims.

Presently, Defendant has filed a "Prayer for Further Guidance/Assistance," wherein he claims confusion by the Court's directions in the Order of September 12, 2016. Also, Defendant again asks for the appointment of counsel. The Court initially notes that Defendant's communications with the Court have been thorough, straightforward, and well-stated.

---

[1] Johnson v. United States, 135 S. Ct. 2551 (2015).

The Court has no difficulty understanding Defendant's contentions or arguments. It is clear from Defendant's most recent filing that he has no objection to the conversion of his motion to appoint counsel to a § 2255 claim seeking relief under Johnson. (See Doc. 25, at 2 ("Petitioner has no objection, per se, to the recharacterization of his letter/motion to the Court as being his first § 2255."); at 3 ("Petitioner does **not** wish to withdraw his motion (only wishes for guidance on how to proceed) . . . ." (emphasis in original)).) Rather, Defendant seems concerned about two matters: (1) that his letter/motion of August 26, 2016 may not be sufficient to "'argue' a favorable outcome in his defense," and (2) the use of the blank § 2255 form.

Having considered his prayer for guidance, the Court **DIRECTS** Defendant to fill out and submit the § 2255 form by **October 28, 2016**, to include his Johnson claim and any other claims he wishes to make. The Clerk is directed to open a new civil case file with Defendant's submission except that the case shall be initiated with a *nunc pro tunc* filing date of August 26, 2016. To be clear, Defendant's motion to appoint counsel filed on August 26, 2016, will **not** be converted to a § 2255 petition. For this reason, the Clerk is directed to **TERMINATE** said motion (doc. 23). Thus, the only way for Defendant to preserve his Johnson claim with a filing date of

2

August 26, 2016, is for Defendant to submit his <u>Johnson</u> claim on the standard § 2255 form by October 28, 2016.[2]

Finally, to the extent Defendant seeks an appointment of counsel to aid him in filling out and filing the § 2255 form, the motion is **DENIED**.[3]

**ORDER ENTERED** at Augusta, Georgia, this \_\_\_7th\_\_\_ day of October, 2016.

                                            HONORABLE J. RANDAL HALL
                                            UNITED STATES DISTRICT JUDGE
                                            SOUTHERN DISTRICT OF GEORGIA

---

[2] The Clerk is instructed to include another copy of the standard § 2255 form with the service copy of this Order for the convenience of Defendant.

[3] For this reason, the Clerk is directed to **TERMINATE** Defendant's "Prayer for Further Guidance/Assistance" (doc. 25).