IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| FRANK JENKINS, IV, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-183 |
| | ) | (Formerly CR 115-105) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Frank Jenkins, IV, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for initial review as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** and this civil action be **CLOSED**.

### I. BACKGROUND

On December 3, 2015, a grand jury in the Southern District of Georgia issued a four-count indictment against Petitioner for dealing in firearms without a license and possession of a firearm by a convicted felon. United States v. Jenkins, CR 115-105, doc. no. 1 (S.D. Ga. Dec. 3, 2015) (hereinafter "CR 115-105"). The Court appointed attorney Melissa C. Bray to represent Petitioner. Id., doc. no. 12. On February 29, 2016, Petitioner pleaded guilty to Count Four of the indictment, possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Id., doc. nos. 15-17.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at twenty-three, Criminal History Category at IV, and Guidelines term of imprisonment at seventy to eighty-seven months. PSI ¶¶ 28, 36, 63. Because Petitioner had at least two felony convictions for a crime of violence, pursuant to U.S.S.G. § 2K2.1(a)(2), his base offense level was twenty-four. PSI ¶ 19. That base level increased by two points pursuant to U.S.S.G. § 2K2.1(b) because of specific offense characteristics but was then reduced by three points to twenty-three based on Petitioner's acceptance of responsibility. PSI ¶¶ 19-20, 26-27. The statutorily authorized maximum sentence of imprisonment was ten years for possession of a firearm by a felon. 18 U.S.C. §§ 922(g) and 924(a)(2); PSI ¶ 62.

At sentencing on May 18, 2016, United States District Judge J. Randal Hall imposed a sentence of imprisonment of seventy-five months. CR 115-105, doc. no. 20. Petitioner chose not to appeal, as confirmed by his signature on a Post-Conviction Consultation Certification. Id., doc. no. 21.

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Based on these recent rulings from the Supreme Court, on August 26, 2016, Petitioner filed a motion in his underlying criminal case asserting his belief that Johnson applies to his sentencing and requesting appointment of counsel. CR 115-105, doc. no. 23. On September 12, 2016, Judge Hall explained the Court intended to re-characterize this motion as a first § 2255 motion unless Petitioner notified the Court of his intention to contest the re-characterization, withdraw the motion, or amend the motion to include any § 2255 claims other than those based on Johnson. See id., doc. no. 24. In response to Judge Hall's Order, Petitioner filed the § 2255 motion reviewed herein.

Based on these recent rulings from the Supreme Court, Petitioner filed his § 2255 motion, arguing Johnson entitles him to be resentenced. Petitioner does not contend he was sentenced under the statutory provisions of the ACCA. Instead, he implicitly argues for extension of Johnson to his sentence because U.S.S.G. § 2K2.1(a) incorporates the Guidelines definition for "crime of violence" that mirrors the language of the residual clause in the ACCA. (See generally doc. no. 1.)

## II. DISCUSSION

As explained above, Petitioner's offense level was initially set under § 2K2.1 of the Guidelines, though it was subsequently reduced by three points for acceptance of responsibility. PSI ¶¶ 19, 26-27. "Crime of violence" as used in this section of the Guidelines "has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2 of the Commentary to § 4B1.2" regarding career offenders. U.S.S.G. § 2K2.1, Commentary, App. Note 1. According to the PSI, Petitioner has a prior felony conviction for burglary and a prior felony conviction for robbery. See PSI ¶ 12, 19,

31-32. Petitioner argues this burglary conviction should not have been used to enhance his sentence under the Guidelines. (Doc. no. 1, p. 4.)

Although the ACCA and Guidelines "include an identical residual clause that encapsulates crimes that 'present[] a serious potential risk of physical injury to another[,] 18 U.S.C. § 924(e)(2)(B) [&] U.S.S.G. § 4B1.2(a)(2)," Johnson does not apply to career offender enhancements under the sentencing guidelines. United States v. Matchett, 802 F.3d 1185, 1194 (11th Cir. 2015). This is because the vagueness doctrine under the Due Process Clause does not apply to the sentencing Guidelines but is, instead, "limited to criminal statutes that define elements of a crime or fix punishments." Id. Because Petitioner's sentence was not based on application of the ACCA's residual clause and the Eleventh Circuit has determined Johnson does not apply to enhancements under the Guidelines, Petitioner is not entitled to be resentenced without application of § 2K2.1.[1] See id.; see also United States v. Kirk, 636 F. App'x 548, 550 (11th Cir. 2016) ("[N]othing in Johnson precludes the application of the offense level increases or enhancements in the advisory sentencing guidelines."); United States v. Snipes, CR 11-00268 / CV 15-00419, 2015 WL 8207484, at *1-2 (S.D. Ala. Dec. 7, 2015) (dismissing Johnson-based claim for resentencing without § 2K2.1 enhancement under reasoning of Matchett).

---

[1] The United States Supreme Court has granted certiorari to consider whether Johnson applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2) and whether Johnson's constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2) such that a challenge to a sentence imposed under this portion of the Guidelines is cognizable on collateral review. Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015), *cert. granted*, 136 S. Ct. 2510 (U.S. June 27, 2016) (No. 15-8544).

4

Because Petitioner's claim is clearly without merit based on the current record and Eleventh Circuit case law, his <u>Johnson</u>-based claim is ripe for dismissal under Rule 4 of the Rules Governing Section 2255 Proceedings.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of October, 2016, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA